DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-cv-00144-RJC
(3:08-cr-00134-RJC-DSC-4)

| | |
|---|---|
| JULIO CESAR ROSALES LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for a Free Court Reporter's Records [Doc. 8], Petitioner's Motion for Leave to Supplement 28 U.S.C. § 2255 Motion [Doc. 11], and Petitioner's Motion for Status Report or Hearing, which also includes a motion to appoint counsel [Doc. 12].

Petitioner has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. 1]. The Government filed a Response in opposition to the Motion to Vacate and, on August 15, 2018, this Court issued an Order notifying the Petitioner of his right to reply to the Government's Response and setting a deadline for that reply. [Doc. 4]. Subsequently, Petitioner moved for an extension of time to file his reply and for certain records and transcripts of the trial proceedings. [Doc. 8, 10]. Petitioner also moved to supplement his § 2255 Motion to Vacate. [Doc. 11]. Petitioner recently filed a Motion for Status Report of Hearing. [Doc. 12].

First, Petitioner seeks a free copy of a significant portion of the trial proceedings in his underlying criminal matter, as well as several other records in that case. [Doc. 8]. In order for an indigent habeas petitioner to receive transcripts at government expense, the trial judge or a circuit

judge must certify "that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); see also United States v. Parker, 273 F. App'x 243 (4th Cir. 2008) ("An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript."). Here, Petitioner states he needs a copy of the requested transcripts and documents because he was never provided a copy by his attorney and, until recently, he was borrowing a copy of the necessary records from one of his co-defendants, who was housed in the same facility as Petitioner. Petitioner's co-defendant has been transferred to another facility and, as such, Petitioner no longer has access to the records. [Doc. 8 at 3]. Petitioner further argues that the Court has ordered that Petitioner may file a reply to the Government's Response and that Petitioner needs access to the case records "as a matter of fairness and due process because the Government cites several portions of the trial transcripts and trial records in its response to Petitioner's 2255 motion…." [Id.]. Without access to the same records as the Government, Petitioner states he cannot prepare a meaningful reply. [Id. at 3-4]. Because Petitioner has shown a particularized need for the records he requests, the Court will grant Petitioner's motion for free copies of the portions of the record and trial proceedings.[1]

In support of his motion to supplement his § 2255 Motion to Vacate, Petitioner argues that since "the filing of Movant's 2255 motion and after the government's response, movant has become aware of several jurisdictional and actual innocence challenges to his RICO conviction," which "may be raised at any time during the proceedings." [Doc. 11 at 1]. Petitioner submitted a Supplement to 28 U.S.C. § 2255 Motion with his motion. [Doc. 11-1]. The Supplement submitted

---

[1] The Court instructs Petitioner that he must request a copy of the appeal brief from the Fourth Circuit Court of Appeals. It is not a part of the record in his underlying criminal proceedings.

by Petitioner primarily rehashes arguments previously made or that should have been raised, if at all, in his original § 2255 Motion to Vacate and appears to lack any legitimate jurisdictional or actual innocence challenges. Nonetheless, the Court will grant Petitioner's motion to supplement his § 2255 Motion to Vacate. On motion by the Government, the Government will be allowed to file a surreply to Petitioner's reply should Petitioner rely, properly or not, on any grounds presented in his Supplement.

As to Petitioner's motion for a status report, Petitioner seeks a status report on his outstanding motions, which has been provided by the terms of this Order. The Court will, therefore, deny Petitioner's motion for a status report as moot.

Petitioner also moves for the appointment of counsel. [Doc. 12 at 2]. Petitioner, however, states no grounds for such appointment. [See id.]. In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). This Court finds that Petitioner has not shown that appointment of counsel is appropriate in this case. The Court, therefore, denies Petitioner's motion to appoint counsel.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for a Free Court Reporter's Records [Doc. 8] is **GRANTED** and the Clerk is respectfully instructed to provide one (1) copy of the following records in Criminal Case No. 3:08-cr-00134-RJC-4 to Petitioner: Docket Nos. 623, 842, 1075, 1076, 1077, 1078, 1080, 1085, 1273, 1423, 1467, 1468, and 1573.

(2) The Court certifies that Petitioner's suit is not frivolous and that the transcripts are needed to decide the issue presented by the suit. 28 U.S.C. § 753(f).

(3) Petitioner's Motion for Leave to Supplement 28 U.S.C. § 2255 Motion [Doc. 11] is **GRANTED**.

(4) Petitioner's Motion for Status Report or Hearing [Doc. 12] is **DENIED** as moot.

(5) Petitioner's motion for appointment of counsel [Doc. 12] is **DENIED.**

(6) Petitioner shall have forty-five (45) days from the date of provision of the requested records in accordance with this order to serve his reply to the Government's Response.

**IT IS SO ORDERED**.

Signed: June 19, 2019

Robert J. Conrad, Jr.
United States District Judge