**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-cv-00144-RJC**
**(3:08-cr-00134-RJC-DSC-4)**

| | | |
|---|---|---|
| **JULIO CESAR ROSALES LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

     **THIS MATTER** is before the Court on the Government's Motion to Stay in Part and Reconsider. [Doc. 14].

     On June 19, 2019, the Court ordered that copies of certain records and transcripts be provided to Petitioner pursuant to his Pro Se Motion for Transcripts and Documents at Government's Expense. [Doc. 8]. Petitioner sought these records so that he could prepare a meaningful reply to the Government's response to his Section 2255 Motion to Vacate, Set Aside or Correct Sentence. [Id.]. Included in his request and in the documents this Court ordered be provided to Petitioner was a copy of his presentence report (PSR). [Criminal Case No. 3:08-cr-134-RJC-DSC-4, Doc. 1273]. The Government now moves the Court to stay its Order to provide records to Petitioner and to reconsider the provision of a copy of Petitioner's PSR to him. [Doc. 14 at 2-3]. The Government argues that the information contained in Petitioner's PSR is not necessary to his claims and that Petitioner should not be provided a copy of it. [Id. at 2]. Further:

          [p]ursuant to Bureau of Prisons Program Statement 1351.05, inmates are prohibited from "obtaining and possessing photocopies of their Pre-sentence reports." "BOP adopted this policy in order to prevent situations where 'inmates pressure other inmates for a copy

> of their PSR [ ] to learn if they are informants, gang members, have financial resources, etc.' subjecting in mates who refuse to disclose their PSRs to threats or assaults, or prompting them to seek protective custody.  Inmates who disclose PSRs containing harmful information face similar risk of harm."  <u>Harrison v. Lappin</u>, 10 F.Supp. 2d 153, 156 (D.D.C. 2007).

[Doc. 14 at 2].  The Government asks alternatively that a copy of the PSR be provided only to Petitioner's case manager at his BOP facility and that Petitioner be allowed to review it but not retain a copy.

As a preliminary matter, the Court notes that Plaintiff's motion for records [Doc. 8] has been pending since September 5, 2018.  In the Plaintiff's motion, Plaintiff clearly requested a copy of the PSR with which the Government now takes issue.  [<u>See</u> Doc. 8 at 5]. The Government should have filed a response to Petitioner's motion objecting to the provision of the PSR and made its position known then.  The Government, however, filed no response at all to Petitioner's motion.

Now, after the Court entered its Order allowing the provision of the requested records to Petitioner, the Government asks the Court to reconsider its Order.  The Court, nonetheless, is inclined to grant the Government's motion in part for the reasons stated in the Government's motion.  The Court will order that the PSR [Criminal Case No. 3:08-cr-134, Doc. 1273] be withheld from the documents provided directly to Petitioner pursuant to the Court's June 19, 2019 Order [Doc. 13].  The PSR will be provided to Petitioner's case manager only and the Petitioner will be allowed to review it in his/her presence but not make any written notes at the time of this review.

The Court will deny the Government's motion to stay as moot given its order on the Government's motion to reconsider.

**IT IS THEREFORE ORDERED** that:

(1) The Government's Motion to Stay [Doc. 14] is **DENIED** as moot and the

Government's Motion to Reconsider [Doc. 14] is **GRANTED IN PART** insofar as Petitioner's presentence report [Criminal Case No. 3:08-cr-134-RJC-DSC-4, Doc. 1273] shall be withheld from the documents provided to Petitioner pursuant to the Court's Order [Doc. 13] and shall only be provided to Petitioner's case manager at his current place of incarceration, BIG SANDY U.S. Penitentiary, in accordance with the terms of this Order.

Signed: June 30, 2019

Robert J. Conrad, Jr.
United States District Judge